```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

HOUSTON INDEPENDENT SCHOOL       §
DISTRICT,                        §
                                 §
        Plaintiff,                §
                                 §
v.                               §   CIVIL ACTION NO. H-05-1686
                                 §
V.P. b/n/f JUAN and SYLVIA P.,   §
                                 §
                                 §
        Defendant.                §

**ORDER**

Having affirmed the decision of the Hearing Officer with respect to the procedural and substantive issues, the court must now address the amount of reimbursement. The Hearing Officer awarded Defendant compensation "for documented registration, tuition, fees and charges incurred for enrolling and maintaining Valencia P. at the Parish School, Houston, TX, during the 2004-05 school year."[1] Defendant has requested additional compensation for the child's continued placement during the pendency of this appeal, as well as attorney's fees, costs, and interest.

In order for the court to determine the proper amount of relief, the court must determine whether other, more suitable substitute placements existed, whether the parents expended sufficient effort in securing an alternative placement, whether the school district cooperated with the parents on the child's

---

[1] Plaintiff's Original Complaint, Docket Entry No. 1, Ex. A, Hearing Officer's Final Decision, p. 22.

placement, and whether the parents are entitled to reimbursement for the period of appeal.  Cf. Alamo Heights Indep. Sch. Dist. v. State Bd. of Educ., 790 F.2d 1153, 1161 (5th Cir. 1986)(listing factors to consider in determining whether parents are entitled to full reimbursement for the cost of private school enrollment).  The court has determined that the record must be developed further, as to both facts and law, before the court can exercise its discretion in determining the amount to be awarded.  Cf. 20 U.S.C. § 1415(i)(2)(C) (conferring discretion on the court to grant relief as it deems appropriate); Alamo Heights Indep. Sch. Dist., 790 F.2d at 1161 (same).

Before the court engages in a review of the applicable law and evidence, the court finds it appropriate to allow the parties a period of approximately thirty days to attempt to reach an agreement on the amount of reimbursement.  Should the parties be unable to reach an agreement, the court will hold an evidentiary hearing, at which time the parties may introduce witness testimony, authenticated documentary evidence, and legal argument concerning the amount of reimbursement.

Accordingly, the parties are **ORDERED** to engage in settlement discussions over the course of the next several weeks and to notify the court's case manager, Linda Gonzales, immediately upon reaching an agreement.  If the parties are unable to agree, they are **ORDERED**

to appear in Courtroom 700 on Tuesday, April 24, 2007, at 10:00 a.m.

**SIGNED** in Houston, Texas, this 22nd day of March, 2007.

Nancy K. Johnson
United States Magistrate Judge