```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | | |
|---|---|---|
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-1686 |
| V.P. b/n/f JUAN and SYLVIA P., | § § § | |
| Defendant. | § § | |

**ORDER**

Pending before the court is Defendant's Supplemental Bill of Costs and Application for Attorney's Fees (Docket Entry No. 82), Plaintiff's Motion for Review of Defendant's Bill of Costs and Response to Defendant's Application for Fees (Docket Entry No. 84), Plaintiff's Motion to Review Costs Taxed (Docket Entry No. 93) and the responses filed thereto. The motions are **GRANTED IN PART**, and **DENIED IN PART**, as explained below.

**I. Bill of Costs**

As the prevailing party, Defendant is entitled to her costs. Defendant filed a bill of costs seeking $4,448.04. Docket Entry No. 81. In a supplemental pleading, Defendant reduced her claimed costs to $2,448.04. See Defendant's Supplemental Bill of Costs and Application for Attorney's Fees, Docket Entry No. 82, p. 12. Plaintiff objects to most of the costs on the ground that they are not recoverable costs under 28 U.S.C. § 1920. The court agrees.

Defendant's counsel presently lives in Virginia. On June 19,

2007, he traveled to Houston, Texas, to attend a hearing the following day. Defendant seeks as costs $227.30 in airfare, $163.80 in hotel charges, $176.90 for a rental car and $60.00 for meals attendant to the court appearance. These charges are not authorized costs under 28 U.S.C. § 1920. Accordingly, they are excluded from the bill of costs.

Defendant also seeks reimbursement for $1,674.45 paid for deposition transcripts. Defendant's counsel explained that certain witnesses were deposed prior to the administrative hearing and that the transcripts were prepared. In response, Plaintiff's counsel argued that these same witnesses testified live at the administrative hearing and the deposition transcripts were not used either at the administrative level or in this case. Although 28 U.S.C. § 1920(2) allows for reimbursement of any part of the stenographic transcript necessarily obtained for use in the case, Defendant's counsel failed to explain who was deposed, how those transcript were used, either in this case or at the administrative hearing, or why they were necessarily obtained for use in this case. Accordingly, the court denies reimbursement for the costs of those transcripts.

Defendant claims copying and mailing charges of $9.19 and $16.40. Those charges will be allowed. Defendant is awarded her costs in the amount of $25.59.

**II.   Attorney's Fees**

The Individuals with Disabilities Education Act ("IDEA") allows for the recovery of reasonable attorney's fees to the prevailing party. See 20 U.S.C. §§ 1415(e)(4)(B) and (i)(3)(B)(i)(I). The applicant bears the burden of proving the reasonableness of the hours worked and the hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996). A finding that a party is a prevailing party only makes her eligible to receive attorney's fees under the IDEA. It is not an automatic entitlement to recover the full amount that was spent on legal representation. Jason D.W. v. Houston I.S.D., 158 F.3d 205, 209 (5th Cir. 1998). In determining the appropriate award of attorney's fees, the court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended by the attorney's reasonable hourly rate. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).

Plaintiff first contests the hourly rate of $275 per hour as not reasonable. Neither side called any experts to support their arguments on this point. Plaintiff's counsel admitted his hourly rate was $350 per hour and argued that such a rate was justified by his experience in the area. But Defendant's counsel also has significant experience in this area according to the court's records.[1] In the absence of testimony to the contrary, the court

---

[1]   According to the CM-ECF system, Defendant's counsel has handled twenty-one cases in this area of the law dating from the mid-1990's.

finds that $275 per hour is a reasonable rate for the complexity of the work involved in this suit.

Plaintiff also contests the reasonableness of the hours expended by Defendant's counsel. Plaintiff complains that Defendant's counsel did not provide his original time records but supplied edited time records that excluded certain hours for matters on which Defendant did not prevail. Plaintiff also argues that Defendant only prevailed on three out of nine issues before the hearing officer and in this court and the court must reduce Defendant's fee request by a significant percentage. Defendant's counsel does not deny that the time records have been altered to set forth only those hours attributable to the issues on which Defendant prevailed. The court notes that the nine issues argued by Plaintiff are closely related and are not nine separate issues easily distinguished from each other either factually or legally. It is also clear that Defendant prevailed on the major issues in this action. As the court does not have the original records, it will review the records supplied to determine if the hours claimed for reimbursement are reasonable in light of Defendant's successful claims.

Defendant's counsel has stated that he reasonably spent 273.13 hours on this case, commencing with his first contact with the Defendant's parents, through the administrative hearing and culminating with this action. At the hearing held on November 20,

2007, Defendant's counsel withdrew his request for 74.98 hours on July 10, 2006, attributing that charge as an error.

Of the remaining hours, Plaintiff objects to .10 hours on October 27, 2004, attributed to a phone call to another attorney on her representation of an employment matter. This entry was not adequately explained and will not be considered as reasonably expended on this case. Plaintiff also objects to .10 hours on June 1, 2005, attributed to a telephone call to the client about an amended complaint. There was no amended complaint filed and the court will disregard this charge. Plaintiff objects to .10 hours on July 6, 2006, related to Defendant's pendency placement, an issue on which Defendant did not prevail. The court will disregard this charge. Plaintiff objects to charges on July 7, 10, 11, 12, and 13, 2006, for work responding to Plaintiff's Motion for Summary Judgment because the continued placement of V.P. was discussed briefly in the pleading filed on July 13, 2006. The court will reduce those hours (8.60) by twenty percent to reflect reimbursement only for issues on which Defendant prevailed. Plaintiff objects to 3.58 hours billed on August 3, 2006, attributable to work done on Defendant's Surreply to the motion for summary judgment on the grounds that it included work on unsuccessful counterclaims. The court will reduce those hours by twenty percent to reflect reimbursement only for issues on which Defendant prevailed. Plaintiff objects to 5.65 hours expended by

Defendant in filing objections to the memorandum and recommendation entered March 2, 2007. As Plaintiff was not successful on those objections, the entire amount will be disregarded.

Plaintiff objects to time expended between April 18, 2007, and June 22, 2007, because those entries relate, in part, to Defendant's request for pendency placement reimbursement. The court agrees and will reduce those hours (8.25) by twenty percent.

In light of the foregoing, the court finds that Defendant's counsel reasonably expended 188.11 hours in litigating this action. The lodestar amount is $51,731.35 (188.11 x 275). The court finds this amount to be generally reasonable, in view of the duration of the case and the level of activity involved with respect to the issues on which Defendant prevailed.

The court next considers whether the lodestar figure should be adjusted in light of the Johnson factors.[2] See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989). Plaintiff argues that the fees should be reduced in light of two Johnson factors: (1) the issues in the case were not novel

---

[2] The Johnson factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

and did not require extensive skill; and (2) the outcome was only partially favorable to Defendant.

Starting with the second factor, the court has already reduced certain time entries to reflect a limited success in this lawsuit. There is no need to reduce the lodestar any further to reflect a percentage of success achieved. Plaintiff argues that Defendant only succeeded on three of nine issues presented to the hearing officer. However, those three issues clearly were the over-arching ones and the court has no way of determining how much time, if any, was directly attributable to the peripheral issues that fell by the wayside in light of the hearing officer's finding that Plaintiff did not provide a free appropriate public education to V.P. The court will not reduce the hours attributable to the administrative hearing based on Plaintiff's argument that Defendant had limited success.

Plaintiff also argues that the issues in this case were not novel and did not require extensive skill. The court agrees but finds that the number of hours billed and the hourly rate are reasonable in light of the skill required of counsel in this case.

Defendant's counsel does not urge an increase in the lodestar amount based on any other factor.

Accordingly, the court awards Defendant her attorney's fees in the amount of $51,731.35 and costs in the amount of $25.59.

**SIGNED** this 26th day of December, 2007.

Nancy K. Johnson
United States Magistrate Judge